IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIA R. WAGNER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-cv-00124 |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, and | § | |
| BARRETT DAFIN FRAPPIER | § | |
| TURNER & ENGEL, LLP, | § | |
| | § | |
| *Defendants*. | § | |

### Defendant Barrett's Motion to Dismiss and Brief in Support

In accordance with Federal Civil Procedure Rule 12(b)(6), Defendant Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett") moves the Court to dismiss Plaintiff Tia R. Wagner ("Wagner")'s complaint. In support, Barrett shows the following.

### Summary of the Argument

Wagner's Petition should be dismissed for two reasons:

• The Petition fails to allege any facts which provide Barrett with fair notice of the misconduct Wagner alleges against it.
• Because its actions were undertaken as foreclosure counsel, Barrett is entitled to qualified immunity under Texas law from claims brought by a non-client such as Wagner.

### Procedural Background

1.   Wagner filed her petition (the "Petition) in the 192rd Judicial District Court, Dallas County, Texas on December 17, 2015 (the "State Court Action").[1] In her Petition, Wagner alleges violations of Art. 2635 of the Louisiana Revised Statutes, the Uniform Deceptive Trade Practices Act, the Fair Debt Collection Practices Act, and seeks a declaratory judgment, injunctive relief, economic damages, and non-economic damages.

---

[1]   Doc 1-3.

**Defendant Barrett's Motion to Dismiss and Brief in Support**                                    **1**

2.  With Barrett's consent, Defendant PennyMac Loan Services, LLC ("PennyMac") removed the State Court Action to this Court on January 15, 2016.[2]

3.  PennyMac filed its Motion to Dismiss on January 22, 2016.[3]

### Statement of Facts

4.  Wagner filed her lawsuit to challenge foreclosure of her home, located at 515 Anglebluff Drive, Desoto, Texas 75115 ("the Property"). In October 2011, in order to purchase the Property, Wagner executed a Deed of Trust ("Deed of Trust") granting a security interest in the Property to secure payment of a promissory note ("the Note") executed in favor of Venta Financial Group, Inc. ("Venta").[4]

5.  After Wagner failed to make timely payments under the terms of her Loan, Barrett initiated foreclosure proceedings for PennyMac. Barrett carried out its role as foreclosure counsel by, among other things, sending Wagner a notice of acceleration and notice of the substitute trustee's sale.[5]

### Argument

**A. The Court should dismiss the Petition because it does not provide Barrett with fair notice of the misconduct Wagner alleges against it.**

6.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] Facial plausibility is met if "the plaintiff pleads factual content that allows the court to

---

2  Doc 1.

3  Doc 5.

4  Barrett App'x 001, Exhibit A (Deed of Trust); Barrett App'x 017, Exhibit B (Note). Referred to collectively as "the Loan."

5  Barrett App'x 023, Exhibit C (Notice of Acceleration); Barrett App'x 029, Exhibit D (Notice of Substitute Trustee's Sale).

6  *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009).

draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] Although a court must take all well-pleaded facts as true, the allegations "must be enough to raise a right to relief above the speculative level[.]"[8] A pleading that only provides labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."[9]

7.    Despite reviewing the Petition several times, Barrett cannot in good-faith determine what wrongdoing Wagner alleges against it. The Petition, besides listing Barrett in the "Parties" section, does not make any specific allegations against Barrett.[10] Because all of the Petition's causes of action refer only to "defendants," Barrett is left to guess as to which causes, if any, apply to it.[11] These conclusory allegations, devoid of any factual support, are incapable of providing Barrett with fair notice of the conduct that Wagner alleges supports her claims.[12] Without alleging any facts as to Barrett, Wagner cannot assert any plausible claims against it.[13] This Court (and Barrett) should not be forced to guess at Wagner's theories of recovery and grounds of liability. Dismissal under Rule 12(b)(6) is proper.

**B.   Even if the Petition states a claim, the claims against Barrett should still be dismissed because its actions as foreclosure counsel are entitled to qualified immunity under Texas law.**

---

7    *Id.*

8    *Bell Atl. Corp. v. Twombly* , 550 U.S. 544, 570 (2007).

9    *Iqbal* , 556 U.S. at 678.

10   Doc 1-3  ¶ 1.d.

11   *See Machete Prods., L.L.C. v. Page* , No. 15-50120, 2015 WL 9487714, at *3 (5th Cir. Dec. 28, 2015) (although the plausibility standard "is not a probability requirement, it requires a showing of more than a sheer possibility that a defendant has acted unlawfully").

12   *See Anderson v. U.S. Dep't of Hous. & Urban Dev.* , 554 F.3d 525, 528 (5th Cir. 2008) (pleading standard "does not require pleading specific facts, [but] the complaint must give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (citations omitted).

13   *See Iqbal* , 556 U.S. at 679. ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief") (quotations omitted) (alterations in original).

**Defendant Barrett's Motion to Dismiss and Brief in Support**                                   **3**

8.   Wagner's claims against Barrett are barred by the doctrine of qualified immunity because its actions were undertaken as foreclosure counsel. Texas law recognizes that attorneys enjoy qualified immunity against civil liability to non-clients for actions taken in connection with client representation.[14] The Houston Court of Appeals explained this doctrine in *Bradt v. West*:

> The public has an interest in loyal, faithful and aggressive representation by the legal profession. An attorney is thus charged with the duty of zealously representing his clients within the bounds of the law. In fulfilling this duty, an attorney has the right to interpose any defense or supposed defense and make use of any right in behalf of such client or clients as the attorney deems proper and necessary, without making himself subject to liability in damages.[15]

Any policy to the contrary would deter attorneys from seeking the ends of justice.[16] If under the constant threat of liability, attorneys would find it difficult to zealously represent their clients. As a result, clients would be denied the full development of their case.[17]

9.   Texas courts, state and federal, actively recognize this doctrine. In *Smith v. National City Mortgage*, the Western District of Texas faced a situation similar to this case.[18] After the Smiths defaulted on their home mortgage, the loan servicing firm proceeded to file foreclosure proceedings. In response, the Smiths filed suit against

---

14   *See, e.g.*, *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Taco Bell Corp. v. R.W. Cracken*, 939 F. Supp. 528, 532, 33 (N.D. Tex. 1996) (finding Texas would bar claims by one party against opposing party's attorney); *Guthrie v. Buckley*, 79 Fed. App'x. 637, 638 (5th Cir. 2003) ("An attorney or an opposing party may seek sanctions for the opposition's allegedly meritless or malicious acts, but the law does not provide a cause of action").

15   *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (alterations in original) (citations omitted).

16   *Id.*

17   *Morris v. Bailey*, 398 S.W.2d 946, 947-48 (Tex. App.—Austin 1966, writ ref'd n.r.e.).

18   *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537 (W.D. Tex. Aug. 23, 2010).

**Defendant Barrett's Motion to Dismiss and Brief in Support**                                    **4**

numerous defendants, including Barrett. The Smiths' claims against Barrett were based on its role in representing the loan servicing firm in foreclosure proceedings. Barrett moved to dismiss on qualified immunity grounds, arguing that its only involvement with the Smiths was as a law firm representing its client in foreclosure proceedings.

10.   The court agreed and dismissed the claims against Barrett. Finding that Barrett was entitled to qualified immunity, the court explained that "[r]epresenting a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of conduct an attorney engages in . . . [when] representing a party in a lawsuit."[19] The Smiths' "labeling the conduct as fraudulent" would not suffice to make Barrett, as foreclosure counsel, liable for actions taken in representing its client.[20]

11.   The same result was reached by the Austin Court of Appeals in *Campbell v. Mortgage Electronic Registration Systems, Inc.*[21] In *Campbell*, the homeowners sued Wells Fargo, Wells Fargo's foreclosure counsel, and MERS for wrongful foreclosure.[22] The foreclosure counsel moved to dismiss based on qualified immunity.[23] The Austin Court of Appeals affirmed dismissal, recognizing that the Campbells did not allege any actions taken by the attorneys "not in their capacity as legal counsel for Wells Fargo in an adverse relationship" to the Campbells.[24]

12.   This case is no different than *Smith* or *Campbell*: Barrett's only interaction with

---

19  *Id.* at *4.
20  *Id.* at 3-4 (citations omitted) (alterations in original).
21  *Campbell v. Mortg. Elec. Reg. Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, *1 (Tex. App.—Austin May 18, 2012, pet. denied).
22  *Id.*
23  *Id.* at *6.
24  *Id.*

**Defendant Barrett's Motion to Dismiss and Brief in Support**                                                **5**

Wagner was as counsel for mortgage servicer seeking foreclosure. Actions in initiating the foreclosure proceedings and conducting the substitute trustee's sale are well within the conduct an attorney engages in when representing a client.[25] Indeed, Wagner does not allege any facts suggesting that Barrett had contact with her outside of its role as foreclosure counsel.[26] Thus, the doctrine of qualified immunity for attorneys against non-clients under Texas law shields Barrett from Wagner's causes of action. Dismissal is proper.

### Conclusion

This Court should grant Barrett's Motion to Dismiss for two reasons: (1) the Petition fails to allege any facts which provide Barrett with fair notice; (2) Barrett is entitled to qualified immunity from claims brought by a non-client like Wagner. Barrett prays that its motion be granted, Wagner's claims against it be dismissed, and that this Court grant it any further relief it is justly entitled to, including costs of court, as well as its reasonable and necessary attorneys' fees.

Respectfully submitted,

MARIS & LANIER, P.C.

 /s/ Robert F. Maris 
Robert F. Maris
State Bar No. 12986300
rmaris@marislanier.com
Brent Sedge
State Bar No. 24082120
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
214-706-0920 telephone
214-706-0921 facsimile

---

25  *See Smith* , 2010 WL 3338537 at *4.

26  *See Campbell* , 2012 WL 1839357 at *6.

**Defendant Barrett's Motion to Dismiss and Brief in Support**                                   **6**

**ATTORNEYS FOR DEFENDANT
BARRETT, DAFFIN, FRAPPIER,
TURNER & ENGEL, LLP**

### Certificate of Service

In accordance with the Federal Rules of Civil Procedure, I certify that I served a copy of the foregoing document on January 27, 2016, on the following parties:

**via CMRRR** # 7008 3230 0000 9605 8443
Tia Wagner
515 Anglebluff Drive,
Desoto, TX 75115
*Pro Se*

**via CM/ECF**
Matthew H. Davis
Thomas G. Yoxall
2001 Ross Avenue, Suite 2800
Dallas, Texas 75201
Attorneys for Defendant Pennymac

 /s/ Brent Sedge
Brent Sedge