**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TIA WAGNER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-0124-N-BK** |
| | § | |
| **PENNYMAC LOAN SERVICES LLC,** | § | |
| **BARRETT DAFFIN FRAPPIER** | § | |
| **TURNER & ENGEL LLC,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the Magistrate Judge for

pretrial management.  Before the Court are Defendant *PennyMac's Motion to Dismiss*, Doc. 5,

and *Defendant Barrett's Motion to Dismiss*, Doc. 8.  Upon review of the relevant pleadings and

applicable law, it is recommended that the motions be **GRANTED**.

**BACKGROUND**

On October 18, 2011, Plaintiff executed a note (the "Note") in favor of Venta Financial

Group, Inc. ("Venta") in the amount of $114,584.00, secured by a deed of trust ("Deed of

Trust"), in order to purchase the property at 515 Anglebluff Drive, Desoto, Texas ("the

Property).  Doc. 6 at 4.[1]  The Deed of Trust named Mortgage Electronic Registration Systems,

Inc. ("MERS") and its successors and assigns as the beneficiary and nominee for Venta.  Doc. 6

---

[1] In addition to relying on the factual assertions in the Complaint, the Court takes judicial notice of the relevant Deed of Trust and assignments of the Deed of Trust, as such documents are matters of public record.  Doc. 6 at 4-30.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Reece v. U.S. Bank Nat. Ass'n*, No.4:13-CV-982-O, 2014 WL 301022, at *3 (N.D. Tex. Jan. 28, 2014) (O'Connor, J.), *aff'd*, 762 F.3d 422 (5th Cir. 2014) (deed of trust and assignment of a deed of trust are matters of public record and subject to judicial notice if recorded in the official public records of the county).

at 4.  The Deed of Trust expressly grants MERS the right to transfer the interest in the property

and the right to enforce the Deed of Trust.  Doc. 6 at 5.  The Deed of Trust provides in pertinent

part:

> Borrower understands and agrees that MERS holds only legal title to the interests
> granted by Borrower in this Security Instrument; but, if necessary to comply with
> law or custom, MERS (as nominee for Lender and Lender's successors and
> assigns) has the right: to exercise any or all of those interests, including, but not
> limited to, the right to foreclose and sell the Property; and to take any action
> required of Lender including, but not limited to, releasing, canceling or assigning
> this Security Instrument.

Doc. 6 at 5.  The Deed of Trust also includes Plaintiff's acknowledgment and agreement

that MERS has the right to enforce the Deed of Trust.  Doc. 6 at 12.

In July 2012, MERS assigned the Deed of Trust to Bank of America, Doc. 6 at

20-21; in December 2013, Bank of America assigned the Deed of Trust to Defendant

PennyMac Loan Services, LLC ("PennyMac"), Doc. 6 at 23-24; in June 2015, Defendant

PennyMac assigned the Deed of Trust to Wilmington Savings Fund Society FSB

("Wilmington"), Doc. 6 at 26-27; and, in November 2015, Wilmington, transferred the

Deed of Trust back to Defendant PennyMac, Doc. 6 at 29-30.

On December 17, 2015, in response to the threatened foreclosure of her property,

Plaintiff filed a *pro se* petition ("Complaint") in state court against Defendants PennyMac

and Barrett Dafin Frappier Turner & Engel, LLP, foreclosure counsel ("Barrett").  Doc. 8

at 1.  Plaintiff claims violations of the Uniform Deceptive Trade Practices Act and the

Fair Debt Collection Practices Act ("FDCPA"), premised on the widely debunked "show-

me-the-note" theory.  Doc. 1-3 at 8-14.  Plaintiff requests the Court to

> declare… any attempt to foreclose pursuant to the Statutes for executory
> foreclosure process and FDCPA law is an action to collect a debt and therefore
> the Defendants must produce the one and only authentic Original Promissory
> Note (or certified true copy) signed by Plaintiff for inspection by Plaintiff and/or

their document examiner prior to proceeding with any Sherriff seizure and sale of the real property.

Doc. 1-3 at 13.  On January 15, 2016, Defendants removed the action to this Court.

## APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, but need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.  In order to overcome a Rule 12(b)(6) motion, a complaint should plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (same).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*, 556 U.S. at 678.

## ARGUMENT AND ANALYSIS

### a.  Authority to Foreclose

As liberally construed, the Complaint alleges that Defendant PennyMac[2] lacked authority to foreclose on the Property because it did not possess the original promissory Note. Doc. 1-3 at 11-12.  Defendant PennyMac counters that contrary to Plaintiff's assertions, it was and is authorized to foreclose as the statutory mortgagee. Doc. 5 at 9.

Texas state courts have held that the rights granted to MERS in a deed of trust give it the power to foreclose on and sell the property, as well as the power to assign such rights and

---

[2] Plaintiff references Defendants collectively, but PennyMac is the only Defendant to have received and assigned the Deed of Trust.

interest.  *See, e.g., Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-644-CV, 2012 WL 3793190, at \*5 (Tex. App. Ct.—Austin Aug. 30, 2012) (Where MERS, as the beneficiary and the nominee for the Lender in the deed of trust, executed an assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender), including the right to foreclose on and sell the Property).

In the case *sub judice*, the Deed of Trust executed by Plaintiff provided that MERS was beneficiary and nominee for Venta; thus MERS had the power to assign its interest, including the power to foreclose on and sell the Property.  With each succeeding transfer, the transferee, including Defendant PennyMac, likewise acquired the right to assign, to foreclose, and to sell the Property.

Moreover, any suggestion that the original Note was required for foreclosure fails as a matter of law.  It is well settled that the so-called "show-me-the-note-theory" lacks merit.  *See Martins v. BAC Home Loans Servicing, L.P*., 722 F.3d 249, 254 (5th Cir. 2013) ("The original, signed note need not be produced in order to foreclose.").

Accordingly, Plaintiff has failed to state a claim for which relief can be granted, and thus it should be **DISMISSED WITH PREJUDICE**.

### b. DTPA

The Court liberally construes Plaintiff's Uniform Deceptive Trade Practices Act claim as one under the Texas Deceptive Trade Practices Act ("DTPA").  Plaintiff alleges that "Defendant [PennyMac] is attempting, through deceptive trade practices, to seize and sale Plaintiff's real property without having the secured rights as a Creditor." Doc. 1-3 at 12.  Defendant PennyMac argues, *inter alia*, that Plaintiff is not a "consumer" as defined by the DTPA. Doc. 5 at 12.

To plead a plausible DTPA claim, "it is not enough to allege that a defendant committed a 'deceptive trade practice.'  Under the DTPA, 'a consumer may maintain an action where any of the following [i.e., a list including 'deceptive act or practice'] constitute a producing cause of economic damages or damages for mental anguish.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 (N.D. Tex. February 10, 2011) (Fitzwater, J.) (quoting TEX. BUS. & COM. CODE § 17.50).  Thus, to proceed under the DTPA, a plaintiff must plead sufficient facts to establish his standing to bring suit as a "consumer." *Biggers*, 767 F. Supp. 2d at 733.  And to qualify as a consumer under the DTPA, (1) the plaintiff must have sought or acquired goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint.  TEX. BUS. & COM. CODE § 17.45(4).  A person who only seeks to borrow money is not a consumer within the meaning of the DTPA, because lending money involves neither a good nor a service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984).

In the case *sub judice*, Plaintiff has not and cannot establish that she is a consumer under the DTPA.  Plaintiff's sole purpose of executing the underlying Note and Deed of Trust was to borrow money.  The extension of credit or borrowing of money does not constitute "goods" or "services" under the DTPA. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980); *see also FDIC v. Munn*, 804 F.2d 860, 863 (5th Cir. 1986) (summarizing Texas law as holding that "goods" and "services" do not include intangible chattel such as stocks, money, or loans).

Even assuming that Plaintiff could establish that she is a consumer under the DTPA, she still must allege that she suffered the type of injury for which a remedy is provided under the

DTPA.  *Biggers*, 767 F. Supp. 2d  at 733-4.  However, Plaintiff's allegations wholly fail in that regard.  She merely alleges:

> Defendant is attempting, through deceptive trade practices, to seize and sale [sic] Plaintiff's real property without having the secured rights as a Creditor. Defendant is not the original creditor and therefore would not be the holder of any original documents, as prescribed by law, nor have Defendants produced any certified true copies of the documents needed to execute the executory foreclosure process.

Doc. 1-3 at 12.  As previously discussed herein, Plaintiff's arguments that Defendant PennyMac lacked authority to foreclose on the Property and that only the holder of the original Note has authority to foreclose are wholly without merit and, thus, they cannot support her DTPA claim.

Accordingly, Plaintiff's DTPA claim should be **DISMISSED WITH PREJUDICE**.

### c.  *FDCPA*

Plaintiff claims that Defendant PennyMac allowed third-party debt collectors to violate the FDCPA despite the fact that it has no standing or authority to collect on the Note due to the broken chain of assignments.  Doc. 1-3 at 12-13.  Defendant PennyMac argues that Plaintiff fails to adequately plead that Defendant PennyMac is a debt collector under the FDCPA and that Defendant PennyMac engaged in an act or omission prohibited by the FDCPA.  Doc. 5 at 13-14.

Plaintiff's FDCPA claims fail as a matter of law.  The FDCPA expressly excludes from its definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii). This FDCPA exclusion encompasses mortgage servicing companies and debt assignees as long as the loan was not in default at the time it was assigned by the originator.  *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).  As applied to this case, neither MERS, as the former servicer of the

loan, nor Defendant PennyMac, as the debt assignee, is a debt collector within the meaning of the FDCPA because Plaintiff's loan was not in default at the time of the November 2015 assignment of the Deed of Trust from Wilmington to Defendant PennyMac.

Accordingly, Plaintiff's FDCPA claims should be **DISMISSED WITH PREJUDICE**.

### d. Declaratory Judgment

Plaintiff seeks a declaratory judgment based on factual allegations challenging the assignment of the Deed of Trust.  Doc. 1-3 at 13.  Although Plaintiff's case was originally filed in state court, now that it has been removed to federal court, the request for declaratory relief is converted into a request brought under the federal Declaratory Judgment Act.  *Aimsworth v. Wells Fargo Home Mortgage, Inc.*, No. 3:14-CV-1942-M, 2014 WL 7273945, at \*11 (N.D. Tex. Dec. 22, 2014) (Lynn, J.).  The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . [with exceptions not relevant here], any court of the United States, upon the filing of an appropriate pleading, may declare the rights . . . of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a).  This Act does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact, a judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  In this case, because Plaintiff's claims fail for all the reasons stated above, she also is not entitled to any relief under the Declaratory Judgment Act.

Accordingly, Plaintiff's request for declaratory judgment should be **DISMISSED WITH PREJUDICE**.

### e. Defendant Barrett

Although Plaintiff names Defendant Barrett as party in her Complaint, she pleads no facts whatsoever to provide Defendant Barrett with fair notice of any alleged misconduct.  Doc. 1-3 at

8-14.  A petition/complaint devoid of factual enhancements is insufficient to sustain a Rule

12(b)(6) challenge.  *Iqbal*, 556 U.S. at 678.  Moreover, Plaintiff's claims all stem from the

attempted foreclosure sale of the Property.  Defendant Barrett avers that its sole role in the events

precipitating this suit was as "foreclosure counsel," and Plaintiff has not suggested otherwise.

Defendant Barrett correctly asserts that as foreclosure counsel, it enjoys qualified immunity in

relation to its actions taken in that role.  Doc. 8 at 4-5.  Under Texas law, "an attorney has

'qualified immunity' from civil liability, with respect to nonclients, for actions taken in

connection with representing a client in litigation." *Smith v. Nat'l City Mortg.*, A-09-CV-881 LY,

2010 WL 3338537, at *3 (W.D. Tex. Aug. 23, 2010) (cited cases omitted).  Moreover,

"[r]epresenting a mortgage company and filing a foreclosure action against homeowners who

have defaulted on their loan is clearly the kind of 'conduct an attorney engages in as part of the

discharge of his duties in representing a party in a lawsuit.'" *Id*. at *4 (quoting *Bradt v. W.*, 892

S.W.2d 56, 72 (Tex. App.—Houston [1st Dist.] 1994).

        Accordingly, to the extent that Plaintiff has attempted to assert claims against Defendant

Barrett, such claims should be **DISMISSED WITH PREJUDICE**.

    *f.   Leave to Amend*

        Ordinarily, a plaintiff should be granted leave to amend her complaint prior to

dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant

should be offered an opportunity to amend his complaint before it is dismissed.").  Here,

however, all of Plaintiff's claims fail as a matter of law.  Under these circumstances, granting

leave to amend would be futile and cause needless delay.  *See Jacquez v. Procunier*, 801 F.2d

789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair

opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## CONCLUSION

For the reasons stated above, *Defendant PennyMac's Motion to Dismiss*, Doc. 5, should be **GRANTED**, *Defendant Barrett's Motion to Dismiss*, Doc. 8, should be **GRANTED**, all of Plaintiff's claims should be **DISMISSED WITH PREJUDICE**, and this case should be **CLOSED**.

**SO RECOMMENDED** on May 6, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE